UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Michael F. Messina Jr.

   v.                                                      Case No. 19-cv-539-SM-AJ

Corey Riendeau, Warden,
Northern New Hampshire
Correctional Facility

**REPORT AND RECOMMENDATION**

    Petitioner Michael F. Messina Jr., representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1) and several petition addenda (Doc. Nos. 4, 6, 8, 10, 11, 12, 14, 15).[1]  The § 2254 petition documents are before the undersigned Magistrate Judge for preliminary review. See Rule 4 of the Rules Governing § 2254 Cases ("§ 2254 Rules); LR 4.3(d)(4).

**Background**

    Mr. Messina was convicted, after a jury trial, of: (1) allowing his property to be used for prostitution involving a minor victim, (2) creating a common nuisance by allowing people with drug dependency to use drugs on his property, (3) endangering the welfare of a child, and (4) interference with

---

[1] The Court construes the documents identified here as the Petition (Doc. No. 1) and Petition Addenda (Doc. Nos. 4, 6, 8, 10, 11, 12, 14, 15), together, to be the Petition in this matter for all purposes.

1

custody. See State v. Messina, No. 216-2014-CR-00288, -01353 (N.H. Super Ct., Hillsborough Cty. N.). He was sentenced on August 5, 2015 to a term of imprisonment in the New Hamsphire Department of Corrections. See id. Mr. Messina filed an appeal, and the New Hampshire Supreme Court ("NHSC") affirmed his conviction on August 22, 2016. See State v. Messina, No. 2015-0539 (N.H. Aug. 22, 2016).

Mr. Messina filed his first petition for a writ of habeas corpus in State Court on April 25, 2018. See Messina v. Riendeau, No. 214-2018-cv-00046 (N.H. Super. Ct., Coös Cty.). The State Habeas Court denied his petition on August 24, 2018. See id. Mr. Messina appealed the denial of his petition by filing a timely Notice of Discretionary Appeal ("NODA") in the NHSC, but that Court declined the appeal. See Messina v. Riendeau, No. 2018-0544 (N.H. Nov. 28, 2018).

Mr. Messina filed his second State Court petition for a writ of habeas corpus on April 23, 2021. See Messina v. Riendeau, No. 214-2021-CV-00040 (N.H. Super. Ct., Coös Cty.). That Court denied Mr. Messina's Petition without a hearing on July 16, 2021. See id. Mr. Messina filed a timely NODA in the NHSC, but that Court declined the appeal. See Messina v. Riendeau, No. 2021-0379 (N.H. Nov. 16, 2021).

2

**Claims**

The Court construes Mr. Messina's Petition here to assert the following claims for relief:

1. The Trial Court violated Mr. Messina's Sixth Amendment right to a fair trial and Fourteenth Amendment right to due process by:

    a. allowing photographs of and testimony describing Mr. Messina's basement, where the victim in Mr. Messina's criminal case was discovered, and where prostitution took place, to be admitted in evidence, when that evidence was unduly prejudicial to Mr. Messina; and

    b. allowing extrinsic evidence of a prior inconsistent statement by the victim's mother, which was prejudicial to Mr. Messina, to be admitted in evidence, when the victim's mother was not given any opportunity to explain or deny her statement.

2. The Trial Court violated Mr. Messina's Fourth Amendment right not to be subject to a warrantless search of his home by admitting evidence at trial obtained by the Manchester Police Department ("MPD") during a search of his home, as the MPD:

    a. failed to obtain a search warrant prior to searching his home and seizing items from his home, and

    b. failed to follow required procedures to obtain the search warrant.

3. The Trial Court violated Mr. Messina's Fifth and Fourteenth Amendment rights not to incriminate himself by allowing evidence of Mr. Messina's statements to the police to be admitted at trial where the statements were coerced, in that they were obtained during custodial interrogation during which the police did not give Mr. Messina Miranda[2] warnings, and after Mr. Messina asserted that he no longer wished to submit to questioning by the police.

---

[2] See Miranda v. Arizona, 384 U.S. 436 (1966).

4.   Mr. Messina's trial attorney failed to provide him with the effective assistance of counsel, in violation of Mr. Messina's Sixth Amendment rights, in that trial counsel:

   a.   failed to obtain any expert witness to demonstrate that the State's trial witnesses lacked credibility;

   b.   after being provided with the names of witnesses who could testify in Mr. Messina's favor, failed to investigate or contact some of those witnesses and failed to call any witnesses in Mr. Messina's defense at trial, and failed to consult with Mr. Messina about his decision not to call defense witnesses;

   c.   failed to introduce certain exculpatory evidence at trial;

   d.   improperly talked Mr. Messina out of testifying without fully explaining the advantages and disadvantages of testifying, despite Mr. Messina having told his attorney that he was innocent of the offenses charged and wanted to testify at trial;

   e.   failed to allow Mr. Messina to waive his right to testify in the presence of the trial judge;

   f.   failed in his obligations to keep Mr. Messina informed of the progress in his case prior to trial, and to provide him with certain information concerning his case, which prevented Mr. Messina from providing his attorney with information that could be helpful to his defense;

   g.   failed to preserve certain issues for appeal by failing to make objections during trial;

   h.   rejected the theory of defense proposed by Mr. Messina, and failed to prepare an alternative defense theory to use in the event trial counsel's original theory of defense did not pan out at trial;

   i.   failed to request in camera review of any confidential materials which were likely to have included exculpatory evidence relevant to the victim's credibility, including, among other things, the

4

victim's: hospital records, records and reports from Community Action Counselling, and psychiatric records and reports;

j. failed to adequately cross-examine or impeach the State's witnesses;

k. failed to object to inconsistent statements made by State's witnesses during trial;

l. failed to object to the prosecutor's misconduct (identified here as Claims 7(a)-(e)) at trial and sentencing; and

m. withheld exculpatory "Brady"[3] material from Mr. Messina.

5. The cumulative effect of trial counsel's errors denied Mr. Messina the effective assistance of counsel, in violation of his Sixth Amendment rights.

6. Mr. Messina's Sixth Amendment rights to a speedy and public trial by an impartial journey, and his Sixth and Fourteenth Amendment rights to present evidence favorable to his defense were violated because he was unable to call defense witnesses and present all evidence in his favor at trial, as he was denied mandatory process to obtain such testimony and evidence to present at trial.

7. The State prosecutors engaged in prosecutorial misconduct by:

a. withholding exculpatory "Brady" materials from the defense;

b. making misrepresentations in opening and closing argument which were prejudicial to Mr. Messina;

c. improperly appealing to the passions and prejudices of the jurors;

d. suborning perjury by State's witnesses; and

e. misrepresenting certain State's witnesses' criminal records to the trial court at sentencing.

---

[3] See Brady v. Maryland, 373 U.S. 83 (1963).

8. The New Hampshire Supreme Court failed to provide Mr. Messina with the opportunity to be heard on the claims he asserted in his 2018 state habeas petition, when it declined Mr. Messina's appeal of those proceedings, in violation of his First Amendment right to petition the Court for a redress of grievances.

## Discussion

I. Preliminary Review Standard

In conducting preliminary review of a § 2254 petition, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." § 2254 Rule 4; see also McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). Because Mr. Messina is self-represented, the Court construes the petition liberally. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

II. Claims 2(a)-(b)

In the claims identified above as Claims 2(a) and 2(b), Mr. Messina asserts that his conviction was obtained in violation of his Fourth Amendment right not to be subject to a warrantless search of his home because MPD officers searched his home prior to obtaining a search warrant. Further, he alleges, the MPD's

failure to obtain the warrant in person, rather than over the phone was improper and violated his Fourth Amendment rights.

The Supreme Court has held that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 482 (1976). "[A] full and fair opportunity to litigate means that the state has made available to defendants a set of procedures suitably crafted to test for possible Fourth Amendment violations." Sanna v. DiPaolo, 265 F.3d 1, 9 (1st Cir. 2001).

Here, the procedural history of Mr. Messina's criminal case demonstrates that the New Hampshire state courts provided him with the opportunity to litigate his Fourth Amendment claims there, and that he did so.  Mr. Messina filed a motion to suppress evidence in his criminal case and the Court held an evidentiary hearing on that motion on May 11, 2015.  In addition, while Mr. Messina did not brief the denial of his motion to suppress in his direct appeal, he could have done so. Because Mr. Messina had a full and fair opportunity to litigate his Fourth Amendment challenges to admission of evidence obtained during the search of his home, he cannot assert that

7

Fourth Amendment claim in this § 2254 action, and the District Judge should dismiss Claims 2(a) and 2(b).

### III. Claim 4(m)

Mr. Messina asserts that his own attorney violated his Fourteenth Amendment right to due process by failing to provide Mr. Messina with exculpatory evidence in his possession, in violation of Brady v. Maryland, 373 U.S. 83 (1963). Under Brady, "the government is required to disclose to the defense evidence that is both favorable and material either to guilt or innocence, which includes evidence that is exculpatory and impeaching." United States v. Orlandella, 96 F.4th 71, 93 (1st Cir. 2024). Brady does not, however, obligate defense attorneys to provide exculpatory evidence in their possession to the defendants they represent.

To the extent Mr. Messina argues that his attorney violated his Sixth Amendment right to the effective assistance of counsel by failing to provide him with information or to discuss or review information with him, to the detriment of Mr. Messina's case, that claim is already set forth in his petition and the Court has identified it above as Claim 4(f). For the reasons explained here, however, the District Judge should dismiss the claim identified above as Claim 4(m).

IV. <u>Remaining Claims</u>

The Court finds, based on the current record in this case, that all of the above-listed claims, other than claims 2(a)-(b) and 4(m), appear to be exhausted and do not otherwise appear to be invalid on their face, and those claims may proceed at this time. In an Order issued simultaneously with this Report and Recommendation, the Court directs service of the claims identified herein as Claims 1(a)-(b), 3, 4(a)-(l), 5, 6, 7(a)-(e), and 8, on the respondent.

## Conclusion

For the reasons explained herein, the undersigned Magistrate Judge recommends that the District Judge dismiss Claims 2(a)-(b) and 4(m), as set forth above, from the habeas petition in this action. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's order. <u>See</u> Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised by the objection(s) to this Report and Recommendation "'are subject to review in the district court and those not

preserved by such objection are precluded on appeal.'" Id. (citations omitted).

                                         _____
                                         Andrea K. Johnstone
                                         United States Magistrate Judge

July 22, 2024

cc:  Michael F. Messina Jr., pro se